IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-1526-WDM-MEH

JAMES W. SPRATT III, and
INER GAMA, S.A,

    Plaintiffs,

v.

ROY EDWARD LEINSTER, and
MARCIA FAITH LEINSTER,

    Defendants.

_____

**ORDER ON MOTIONS TO STRIKE AND MOTIONS TO DISMISS**
_____

Miller, J.

This matter is before me on two motions to strike (Docket. Nos. 7 & 10) and two motions to dismiss (Docket Nos. 8 & 45). For the reasons that follow, all four of these motions will be denied.

1. Motions to Strike

Defendants request that Paragraphs 15, 17, and 21, as well as all exhibits, be stricken from the pleadings as "immaterial, impertinent, or scandalous." *See* FED. R. CIV. P. 12(f) ("the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

Striking a portion of the pleading is generally disfavored. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D.

Colo. 1997) *available at* 1997 U.S. Dist. LEXIS 2464.  As such, "[e]ven where the challenged allegations fall within categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike."  *Sierra Club* at 285 (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 690-692 (2d ed. 1990)).  Here, Defendants have made no showing of prejudice.  Accordingly, their motions to strike will be denied.

2. Roy Leinster's Motions to Dismiss[1]

Defendant Roy Leinster has asked the court to dismiss the claims against him pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim for which relief can be granted.  Under this standard, claims can be dismissed if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of their claim which would entitle them to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  However, the court must accept as true all reasonable allegations in the light most favorable to the plaintiff.  *Yoder v. Honeywell*, 104 F.3d 1215, 1224 (10th Cir. 1997).

The bulk of Mr. Leinster's argument is dedicated to credibility issues and personal attacks against Plaintiff, neither of which are proper bases for relief under 12(b)(6).  Though Mr. Leinster characterizes the claims against him as "laughable," (Mot. to Dismiss at 3) "ludicrous," (*Id.* at 7) "nuts," (*Id. at* 8) and "too stupid to believe," (*Id.*), he offers little support for these contentions.  Counter accusations against Plaintiff for various types of securities fraud (*Id.* at 7), or stating that Plaintiff is as "crooked as a mountain road" (*Id.* at 9) are also insufficient to overcome the heavy burden borne by

---

[1] Defendant Marcia Leinster filed an identical motion on September 7, 2006 (Docket No. 9), however this motion has been withdrawn (Docket No. 73).

the Defendant on a motion to dismiss.

While Mr. Leinster does raise some legal issues regarding Plaintiff's Racketeer Influenced and Corrupt Organizations Act (RICO) claim, 18 U.S.C. § 1961, et seq., they are either irrelevant or too conclusory to overcome the Defendant's burden in a motion to dismiss. Mr. Leinster devotes some of his analysis to RICO actions under § 1962(a), a claim which has not been made against him (*Id.* at 4). Mr. Leinster's remaining legal arguments are too vague and imprecise to demonstrate that Plaintiff can prove no set of facts which would entitle it to relief. Accordingly, Mr. Leinster's motions to dismiss will be denied.

Accordingly, it is ordered:

1. Defendant Roy Leinster's motion to strike (Docket No. 7), filed August 30, 2006, is denied.

2. Defendant Marcia Leinster's motion to strike (Docket No. 10), filed September 7, 2006, is denied.

3. Defendant Roy Leinster's motion to dismiss (Docket No. 8), filed August 30, 2006, is denied.

4. Defendant Roy Leinster's motion to dismiss (Docket No. 45), filed October 24, 2006, is denied.

DATED at Denver, Colorado, on March 9, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge