IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01526-WDM-MEH

JAMES W. SPRATT, III and
INER GAMA, S.A.,

    Plaintiffs,
v.

ROY EDWARDS LEINSTER and
MARCIA FAITH LEINSTER,

    Defendants.
_____

### ORDER ON DEFENDANT'S MOTION TO QUASH SUBPOENA
_____

Before the Court is Defendant Roy Edwards Leinster's Motion to Quash Subpoena [Docket #101]. Plaintiff filed no response. For the reasons stated below, the Court **grants** the Motion to Quash Subpoena.

Plaintiff served a subpoena duces tecum against Union Securities LTD in Vancouver, British Columbia. Dock. #122, p. 5. The subpoena is issued from this District and is signed by Plaintiff's counsel. *Id.* In the subpoena, Plaintiff seeks various financial documents relating to the assets of Defendants. *Id.* at 6. Defendant seeks to quash the subpoena on the grounds that the information sought is confidential financial information that has no bearing on this lawsuit.

A party can only object to a subpoena served on a nonparty if that party asserts a personal right or privilege in the information sought. *Johnson v. Gmeinder*, 194 F.R.D. 638, 640 n.2 (D. Kan. 2000). Here, the information sought relates to Defendants' personal financial information. Thus, standing is established.

The basic requirements for issuing a subpoena state that a subpoena must issue "from the

court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006). Plaintiff has issued a subpoena from the District of Colorado for production in Vancouver, British Columbia. This fundamental flaw requires that the subpoena be quashed, because this Court has no authority to enforce such a subpoena. *Falicia v. Advanced Tenant Servs.*, 235 F.R.D. 5, 11 (D.D.C. 2006).

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Quash Subpoena [Filed May 25, 2007; Docket #101] is **granted**, and the subpoena served on Union Securities LTD in Vancouver, British Columbia is **quashed**. It is FURTHER ORDERED that Docket #114 and Docket #122 be **terminated** as active motions. Defendant submitted his motion to quash on three occasions. Defendant Roy Edward Leinster is cautioned that repeated filing of the same document can constitute abusive litigation tactics and may result in sanctions. One filing of the motion is sufficient.

Dated at Denver, Colorado, this 25th day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge