IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No.06-cv-01526-WDM-KLM

JAMES W. SPRATT, III, and
INER GAMA, S.A.,

    Plaintiffs,

v.

ROY EDWARDS LEINSTER, and
MARCIA FAITH LEINSTER,

    Defendants.

_____

**ORDER ON VARIOUS MOTIONS**
_____

Miller, J.

This matter is before me on numerous motions: ten motions to dismiss, a motion to strike, and a motion for sanctions filed by Defendant Roy Edwards Leinster, two motions to dismiss filed by Defendant Marcia Faith Leinster, and a motion for sanctions and attorney's fees filed by Plaintiffs.  For the reasons that follow, all of these motions will be denied.

1.    <u>Motions to Dismiss and Motion to Strike</u>

On March 9, 2007, I issued an order denying two motions to strike and two motions to dismiss that had been filed by Defendants.  (Order, Docket No. 78.)  In that order I explained that Defendants' motions to strike were deficient in that they failed to demonstrate prejudice, and the motions to dismiss, which predominantly consisted of

personal attacks and arguments regarding credibility, failed to establish proper grounds for relief under Fed. R. Civ. P. 12(b)(6).  *See id.*  In addition to suffering from these same deficiencies, Defendants' current motions will be denied because they violate Rule 12's consolidation requirements.  Rule 12(g) provides the following:

> If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Although grounds not asserted in the initial motion are not necessarily waived, *see id.* at 12(h), they cannot be made in a successive Rule 12 motion unless they were unavailable at the time of the first.  *See id.* at 12(g), (h).  In this case, since none of Defendants' motions indicate that their current arguments were unavailable earlier, their motions will be denied.

2.  <u>Defendant Roy Edwards Leinster's Motion for Sanctions</u>

In this motion, Roy Leinster asks for Rule 11 sanctions against Plaintiffs because this lawsuit is generally "frivolous, vexatious and retaliatory."  (Motion for Sanctions, Docket No. 46, at 6.)  Mr. Leinster's motion, however, gives no indication that prior to filing this motion, he complied with Rule 11's "safe harbor" requirements.  *See* Fed. R. Civ. P. 11(c)(1)(A) (providing that no motion for sanctions may be filed until at least 21 days after movant has served the other party with the proposed motion).  Therefore, this motion will be denied.

3.  <u>Plaintiffs' Motion for Sanctions and Attorney's Fees</u>

Plaintiffs move pursuant to Colo. Rev. Stat. § 13-17-101 for sanctions and

attorney's fees because Defendants' motions to dismiss and motions to strike are substantially groundless, frivolous, and vexatious. In federal court, however, "to the extent Colo.Rev.Stat. § 13-17-101 et seq. is inconsistent with the procedural safe-harbor provisions of Rule 11, it is preempted." *McCoy v. West*, 965 F. Supp. 34, 35 (D. Colo. 1997). Therefore, since Plaintiffs have failed to demonstrate compliance with Rule 11's the safe harbor requirements, their motion will be denied.

Accordingly, it is ordered:

1. Defendant Marcia Faith Leinster's motions to dismiss, filed September 7, 2006 (Docket No. 9), and November 10, 2006 (Docket No. 57) are denied.

2. Defendant Roy Edwards Leinster's motions to dismiss and motion to strike, and motion for sanctions, filed October 24, 2006 (Docket No. 46), May 10, 2007 (Docket No. 94), May 15, 2007 (Docket No. 95), May 21, 2007 (Docket No. 96), May 23, 2007 (Docket No. 97), May 29, 2007 (Docket Nos. 106 & 107), May 30, 2007 (Docket Nos. 112, 113 & 115), June 1, 2007 (Docket No. 121), and July 9, 2007(Docket No. 139), are denied.

3. Plaintiffs' motion for sanctions, filed October 5, 2006 (Docket No. 33), is denied.

DATED at Denver, Colorado, on August 21, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge